## NIELSEN v. NORTHERN PAC. R. CO.

### NIELSEN et ux. v. SAME.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1911.)

Nos. 1,891, 1,892.

1. PUBLIC LANDS (§ 92*)—GRANT OF RIGHT OF WAY TO RAILROAD—SUBSEQUENT ACQUISITION BY SETTLER.

A settler, acquiring public land between the time of the passage of an act of Congress granting right of way over the public lands for a proposed railroad and the date of definite location of such road, takes the same subject to the prior right of the railroad company to such right of way.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 281; Dec. Dig. § 92.*]

2. LIMITATION OF ACTIONS (§ 19*)—ACTION TO RECOVER LAND.

An action brought in the state of Washington to recover land which had been occupied and used by a railroad company as right of way for 18 years held barred by limitation.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 19.*]

In Error to the Circuit Court of the United States for the Southern Division of the Eastern District of Washington.

Actions at law by Hans Nielsen against the Northern Pacific Railroad Company, and by Peter Nielsen and Sophia Nielsen, his wife, against the same. Judgments for defendant, and plaintiffs bring error. Affirmed.

Stallcup & Keyes and Ray & Dennis, for plaintiffs in error.

Geo. T. Reid, J. W. Quick, and L. B. Da Ponte, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. Two cases involving the same questions are submitted upon the briefs in one.

Error is assigned to the ruling of the court below in each case in sustaining a demurrer to a complaint which alleged, in substance, that on May 25, 1881, the land described in the complaint being unsurveyed, public, unoccupied land of the United States, the plaintiff, being duly qualified to acquire a homestead under the homestead laws of the United States, settled on said land for the purpose of acquiring a homestead, and continued in possession thereof until 1893, when the land was surveyed by the government; that subsequently, upon the proofs required by law, he received a patent on March 15, 1894; that the Northern Pacific Railroad Company filed its map of general route through the Cowlitz Pass in 1873, but subsequently, in 1884, abandoned the line, and filed a map of general and definite location, running elsewhere and through the plaintiff's premises, and thereafter built its road thereon. It was for the recovery of the possession of the strip of land used by the defendant as its right of way that the action was brought.

The plaintiff's contention is that the railroad company, having filed its maps of general route in 1873, could not change the route upon the final and definite location thereof to the detriment of the plaintiff, who, in the meantime, had settled upon the land under the homestead laws, and that neither as to the land grant, nor as to the right of way, did the railroad company, prior to the definite location of its line, acquire any right to any definite lands, which, between the date of the grant and such definite location, had been lawfully entered by a settler. But a clearly marked distinction is recognized in the decisions of the Supreme Court between the grant of land to aid in the construction of the road, and the grant of the right of way, and it is held that, while both are grants in presenti, the grant of the right of way is not subject to the conditions attached to the land grant that the lands be free from homestead or other claims at the date of definite location. This was first held in Railroad Co. v. Baldwin, 103 U. S. 426, 26 L. Ed. 578, where the court expressed the opinion that:

"All persons acquiring any portion of the public lands after the passage of the act in question took the same subject to the right of way conferred by it for the proposed road."

This was said in reference to a grant of lands and a right of way in which the conditions of the grants were substantially the same as

those found in the grant to the Northern Pacific Railroad Company. The doctrine of that case was reaffirmed in Bybee v. Oregon & California Railroad Co., 139 U. S. 663, 679, 11 Sup. Ct. 641, 644 (35 L. Ed. 305), in which the court said:

"The distinction between a right of way over the public lands and lands granted in aid of the construction of the road is important in this connection. As to the latter, the rights of settlers or others who acquire the lands by purchase or occupation between the passage of the act and the actual location and identification of the lands are preserved unimpaired, while the grant of the right of way is subject to no such condition; and in the construction given by this court to a similar grant in Railroad Co. v. Baldwin, 103 U. S. 426 [26 L. Ed. 578], a person subsequently acquiring any part of such right of way takes it subject to the prior right of the railroad company."

The plaintiff in error cites Missouri, Kansas & Texas Railway Co. v. Cook, 163 U. S. 491, 16 Sup. Ct. 1093, 41 L. Ed. 239. But that case, so far from sustaining his contention, is authority to the contrary. It is true that the court held in that case, as did this court in Northern Pacific R. Co. v. Murray, 87 Fed. 648, 31 C. C. A. 183, that the rights of a settler, acquired after the line had once been definitely located, were not affected by the subsequent act of the company in changing its location. But the court also again affirmed the doctrine that, before the definite location, all persons acquiring any portion of the public lands after the passage of the granting act took the same subject to the right of way for the proposed road.

The demurrer to the complaint was clearly sustainable on the grounds just considered. It was also sustainable on the ground that the action was barred by the statute of limitations; the railroad company having been in possession of the right of way for 18 years prior to the commencement of the action.

The judgments are affirmed.